UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-80226-CIV-MIDDLEBROOKS/JOHNSON

FEDERAL TRADE COMMISSION,

      Plaintiff,

v.

GARDEN OF LIFE, INC., and
JORDAN S . RUBIN,

      Defendants .

_____/



FILED by _____ D.__

MAR 30 2006

CLARENCE MADDOX
CLERK U.S. DIST. CT
S. OF FLA. - W.P.B

## STIPULATED FINAL ORDER AND JUDGMENT FOR
## PERMANENT INJUNCTION AND OTHER EQUITABLE RELIEF

Plaintiff, the Federal Trade Commission ("FTC" or "Commission ") filed a Complaint for

Permanent Injunction and Other Equitable Relief against defend ants Garden of Life , Inc. and

Jordan S. Rubin ("defendants") pursuant to Section 13(b) of the Federal Trade Commission Act

("FTC Act"), 15 U .S .C. § 53(b), alleging deceptive acts or practices and false advertisements in

violation of Sections 5(a) and 12 of the FTC Act, 15 U .S.C . §§ 45 (a) and 52 .

The Commission and defendants have stipulated to the entry of this Order in settlement of

the Commission's allegations against defendants. The Court, being advised in the premises,

finds :

### FINDINGS

1 .      This Court has jurisdiction over the subject matter of this case and jurisdiction

over all parties. Venue in the Southern District of Florida is proper .

2 .      The complaint states a claim upon which relief can be granted, and the

Commission has the authority to seek the relief it has requested .

3.     The acts and practices of defendants were and are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

4.     The Commission and defendants stipulate and agree to this Order, without trial or final adjudication of any issue of fact or law, to settle and resolve all matters in dispute arising from defendants' course of conduct related to the sale of dietary supplements up to the date of entry of this Order.  By entering this stipulation, defendants do not admit or deny any of the allegations set forth in the complaint, other than jurisdictional facts.  Nothing in this stipulation shall be considered or construed to be an admission of liability by defendants.

5.     Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.  Defendants also waive any claim that they may have held under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action to the date of this Order.

6.     Pursuant to Federal Rule of Civil Procedure 65(d), the provisions of this Order are binding upon defendants, and their officers, agents, servants, representatives, employees, and all other persons or entities in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise.

7.     Nothing in this Order obviates defendants' obligation to comply with Sections 5 and 12 of the Federal Trade Commission Act, 15 U.S.C. §§ 45 and 52.

8.     This Order was drafted jointly by plaintiff and defendants and reflects the negotiated agreement of the parties.

9.     The paragraphs of this Order shall be read as the necessary requirements for compliance and not as alternatives for compliance and no paragraph serves to modify another paragraph unless expressly so stated.

10.     Each party shall bear its own costs and attorneys' fees.

11.     Entry of this Order is in the public interest.

## ORDER

## DEFINITIONS

For purposes of this Order, the following definitions shall apply:

1.     Unless otherwise specified, "defendants" shall mean:

    a.     Garden of Life, Inc. ("Garden of Life"), a corporation, its divisions and subsidiaries, and its successors and assigns; and

    b.     Jordan S. Rubin, individually and in his capacity as a director or officer of Garden of Life.

2.     "Commerce" shall mean "commerce" as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3.     "Competent and reliable scientific evidence" shall mean tests, analyses, research, studies, or other evidence based on the expertise of professionals in the relevant area, that has been conducted and evaluated in an objective manner by persons qualified to do so, using procedures generally accepted in the profession to yield accurate and reliable results.

4.     "Covered product" shall mean any: dietary supplement, including but not limited to Primal Defense, RM-10, Living Multi, and FYI-For Your Inflammation; food; drug; or any program that includes any dietary supplement, food, or drug.

5.     "Endorsement" shall mean as defined in 16 C.F.R. § 255.0(b).

6.     "Food" and "drug" shall mean "food" and "drug" as defined in Section 15 of the FTC Act, 15 U.S.C. § 55.

7.    The term "including" in this Order shall mean "without limitation."

8.    The terms "and" and "or" in this Order shall be construed conjunctively or disjunctively as necessary, to make the applicable phrase or sentence inclusive rather than exclusive.

## CONDUCT PROHIBITIONS

### I.
### REPRESENTATIONS CONCERNING COVERED PRODUCTS

IT IS HEREBY ORDERED that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, in or affecting commerce, are hereby permanently restrained and enjoined from making, or assisting others in making, directly or by implication, including through the use of any trade name or endorsement, any representation:

A.    That such product treats immune system disorders, asthma, irritable bowel syndrome, chronic fatigue syndrome, arthritis, lupus, colds, flu, or Crohn's disease;

B.    That such product reduces or helps lower users' blood cholesterol levels;

C.    That such product treats cancer;

D.    That such product prevents or treats cardiovascular disease;

E.    That such product reduces the risk factors for diabetes or prevents diabetic-related syndromes;

F.      That such product reduces the risk of age-related neuro-degeneration;

G.      That such product reduces the risk of obesity;

H.      That such product reduces, treats, or prevents inflammation, including inflammation caused by arthritis, inflammatory bowel disease, sports injuries, asthma, allergies, fibromyalgia, lupus, scleroderma, or other inflammatory conditions;

I.      That such product mitigates, treats, prevents, or cures any disease or illness; or

J.      About the absolute or comparative health benefits, efficacy, performance, safety, or side effects of such product;

unless, at the time the representation is made, defendants possess and rely upon competent and reliable scientific evidence that substantiates the representation.

## II.
## MISREPRESENTATION OF TESTS OR STUDIES

IT IS FURTHER ORDERED that defendants, directly or through any corporation, partnership, subsidiary, division, trade name, or other device, and their officers, agents, servants, representatives, employees, and all persons or entities in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product, are hereby permanently restrained and enjoined from misrepresenting, in any manner, expressly or by implication, including through the use of any trade name or endorsement, the existence, contents, validity, results, conclusions, or interpretations of any test or study.

## III.
## FDA APPROVED CLAIMS

IT IS FURTHER ORDERED that:

A.      Nothing in this Order shall prohibit defendants from making any representation for any drug that is permitted in labeling for such drug under any tentative final or final standard promulgated by the Food and Drug Administration, or under any new drug application approved by the Food and Drug Administration; and

B.      Nothing in this Order shall prohibit defendants from making any representation for any product that is specifically permitted in labeling for such product by regulations promulgated by the Food and Drug Administration pursuant to the Nutrition Labeling and Education Act of 1990.

## IV.
## MONETARY JUDGMENT AND CONSUMER REDRESS

IT IS FURTHER ORDERED that:

A.      Judgment is hereby entered in favor of the Commission and against defendants Garden of Life and Jordan S. Rubin, jointly and severally, in the amount of Two Hundred and Twenty-Five Thousand Dollars ($225,000) for consumer redress.  Payment shall be made to the Commission within ten (10) days after the date of entry of this Order by wire transfer in accord with instructions that will be provided by the Commission not later than five (5) days after the date of entry of this Order.

B.      All funds paid pursuant to this Order shall be deposited into a fund administered by the Commission or its agents to be used for equitable relief, including but not limited to consumer redress, and any attendant expenses for the administration of such equitable relief.  In

the event that direct redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to defendants' practices alleged in the complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendants shall have no right to challenge the Commission's choice of remedies under this Part. Defendants shall have no right to contest the manner of distribution chosen by the Commission. No portion of any payments under the judgment herein shall be deemed a payment of any fine, penalty, or punitive assessment.

C.       Defendants relinquish all dominion, control, and title to the funds paid into the account established pursuant to this Order, and all legal and equitable title to the funds shall vest in the Treasurer of the United States unless and until such funds are disbursed to consumers. Defendants shall make no claim to or demand for the return of the funds, directly or indirectly, through counsel or otherwise; and in the event of bankruptcy of any defendant, defendants acknowledge that the funds are not part of the debtor's estate, nor does the estate have any claim or interest therein.

D.       Defendants Garden of Life and Jordan S. Rubin agree that, if they fail to timely and completely fulfill the payment and other obligations set forth in this Order, the facts as alleged in the complaint filed in this matter shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Order, including but not limited to a non-dischargeability complaint in any bankruptcy case.

E.       In accordance with 31 U.S.C. § 7701, defendants are hereby required, unless they

have done so already, to furnish to the Commission their taxpayer identifying numbers and/or social security numbers, which shall be used for purposes of collecting and reporting on any delinquent amount arising out of defendants' relationship with the government.

F.     Proceedings instituted under this Part are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## V.
## RIGHT TO REOPEN

IT IS FURTHER ORDERED that the Commission's agreement to the monetary judgment set forth in Part IV is expressly premised on the truthfulness, accuracy, and completeness of the financial statements submitted to the Commission by defendants dated April 12, September 27, and October 21, 2004, and April 22, May 13, June 1, August 1, and August 3, 2005.  Such financial statements contain material information upon which the Commission relied in negotiating and agreeing to the monetary judgment.  If, upon motion by the Commission, the Court finds that such financial statement of any such defendant contains any material misrepresentation or omission, the Court shall enter judgment for consumer redress against such defendant, in favor of the Commission, in the amount of Forty-Seven Million, Five Hundred and Seventy-One Thousand, Three Hundred and Five Dollars ($47,571,305), which defendants stipulate is the amount of gross sales of Primal Defense, RM-10, Living Multi, and FYI prior to entry of this Order.  The judgment shall become immediately due and payable by such defendant, and interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance; *provided, however,* that in all other respects

this Order shall remain in full force and effect unless otherwise ordered by the Court; and,

*provided further,* that proceedings instituted under this provision would be in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including but not limited to contempt proceedings, or any other proceedings that the Commission or the United States may initiate to enforce this Order. For purposes of this Part, and any subsequent proceedings to enforce payment, including but not limited to a non-dischargeability complaint filed in a bankruptcy proceeding, defendants agree not to contest any of the allegations in the Commission's complaint.

## VI.
## ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that each defendant, within seven (7) business days after receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement in the form shown on Appendix A, acknowledging receipt of this Order.

## VII.
## NOTICE TO AND MONITORING OF RESELLERS AND DISTRIBUTORS

IT IS FURTHER ORDERED that defendants Garden of Life and Jordan S. Rubin, in his capacity as director, officer, or other control-person of a business, shall:

A.      Within twenty (20) days of the date this Order becomes final, send an exact copy of the notice attached hereto as Appendix B, showing the date of mailing, to each reseller or distributor who purchased any covered product manufactured by or purchased from defendants, between January 1, 2001 and the date of entry of this Order. This mailing shall not include any other document, information, or enclosures. The notice shall be sent as follows:

1.      By first class mail, postage prepaid and return receipt requested, to the

resellers and distributors who together comprise ninety percent (90%) of Garden of Life's total sales revenue; and

2.     By electronic mail in a non-alterable digital form to the remaining resellers and distributors, *provided,* that if this method does not produce a return receipt for a particular reseller or distributor, the notice must be resent to that reseller or distributor by first class mail, return receipt requested;

B.     Institute a reasonable program of surveillance adequate to reveal whether any of defendants' resellers or distributors are disseminating any advertisement or promotional material that contains any representation prohibited by this Order.

C.     Notify, immediately, each such reseller or distributor that defendants will stop doing business with that reseller or distributor if it continues to use any advertisement or promotional material that contains any representation prohibited by this Order.

D.     Terminate all sales to any reseller or distributor within twenty (20) days if the distributor or reseller has continued to use any advertisement or promotional material that contains any representation prohibited by this Order after receipt of the notice required by Subpart C of this Part.

## VIII.
## COMPLIANCE MONITORING BY DEFENDANTS

IT IS FURTHER ORDERED that defendants Garden of Life, its successors and assigns, and Jordan S. Rubin in connection with the manufacturing, labeling, advertising, promotion, offering for sale, sale, or distribution of any covered product manufactured by or purchased from defendants, in or affecting commerce, shall in accordance with applicable laws:

A.      Take reasonable steps sufficient to monitor and ensure that all employees and agents engaged in sales, order verification, or other customer service functions comply with Parts I and II of this Order.  Such steps shall include adequate monitoring of all advertisements, promotions, sales presentations, and other oral and written communications with customers regarding such products.  Defendants, at a minimum, shall:

1.      Conduct periodic monitoring of representations concerning any covered product made by persons engaged in sales or other customer service functions, including representations made orally or through electronic communications, on behalf of defendants; and

2.      Conduct periodic monitoring of representations made about any covered product on all Internet websites operated and maintained by defendants or their agents.

B.      Terminate any employee or agent who knowingly engages in any conduct prohibited by Parts I and II of this Order once defendants know or should know that such person is or has been engaging in such conduct.

## IX.
## COMPLIANCE MONITORING BY THE COMMISSION

IT IS FURTHER ORDERED that, for the purpose of monitoring and investigating compliance with any provision of this Order,

A.      Within twenty (20) days of receipt of written notice to Garden of Life and within forty-five (45) days of receipt of written notice to Jordan S. Rubin from a representative of the Commission, each defendant shall submit additional written reports, sworn to under penalty of

perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in such defendant's possession or direct or indirect control to inspect the business operation;

       B.     In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

           1.     Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45;

           2.     Posing as consumers and suppliers to: Garden of Life, Jordan S. Rubin, either of their employees, or any other entity that either of them manages or controls in whole or in part, without the necessity of identification or prior notice; and

           3.     Garden of Life and Jordan S. Rubin shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order for any business in the control of the defendant(s). The person interviewed may have counsel present.

*Provided however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**X.**
**COMPLIANCE REPORTING BY DEFENDANTS**

IT IS FURTHER ORDERED that, in order that compliance with the provisions of this

Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

   1.    Jordan S. Rubin shall notify the Commission of the following:

      a.    Any changes in his residence, mailing addresses, and telephone

         numbers, within ten (10) days of such change;

      b.    Any changes in his employment status (including self-

         employment) and any change in his ownership in any business

         entity, within ten (10) days of such change.  Such notice shall

         include the name and address of each business that he is affiliated

         with, employed by, creates or forms, or performs services for; a

         statement of the nature of the business; and a statement of his

         duties and responsibilities in connection with the business or

         employment; and

      c.    Any changes in his name or use of any aliases or fictitious names;

         and

   2.    Defendants shall notify the Commission of any changes in the corporate

      structure of Garden of Life or any business entity that Jordan S. Rubin

      directly or indirectly control(s), or has an ownership interest in, that may

      affect compliance obligations arising under this Order, including but not

limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in the corporate name or address; at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the corporation about which the defendant(s) learns less than thirty (30) days prior to the date such action is to take place, the defendant(s) shall notify the Commission as soon as is practicable after obtaining such knowledge.

B.      Sixty (60) days after the date of entry of this Order, defendants Garden of Life and Jordan S. Rubin each shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.      For Jordan S. Rubin:

a.      His then-current residence addresses, mailing addresses, and telephone numbers;

b.      His then-current employment and business addresses and telephone numbers; a description of the business activities of each such employer or business, and his title and responsibilities, for each such employer or business; and

c.      Any other changes required to be reported under Subpart A of this Part.

2.     For all defendants:

   a.     A copy of each acknowledgment of receipt of this Order obtained

          pursuant to Part VI;

   b.     A statement describing the manner in which the defendants have

          complied and are complying with Parts I, II, VI, VII, and VIII of

          this Order, including identification of all products that they

          advertise or sell, and copies of all their current advertising; and

   c.     Any other changes required to be reported under Subpart A of this

          Part.

C.     For the purposes of this Order, defendants shall, unless otherwise directed by the

Commission's representatives, mail all written notifications to the Commission to:

          Associate Director for Enforcement
          Federal Trade Commission
          600 Pennsylvania Avenue, NW
          Washington, D.C. 20580
          Re: *FTC v. Garden of Life, et al.*, Civil Action No. _____.

D.     For purposes of the compliance reporting and monitoring required by this Order,

the Commission is authorized to communicate directly with defendants if they cannot be reached

through their last known counsel of record.

## XI.
## RECORD-KEEPING PROVISIONS

IT IS FURTHER ORDERED that, for a period of five (5) years from the date of entry of

this Order, Garden of Life and Jordan S. Rubin in connection with any business involved in the

advertising, marketing, promotion, offer for sale, sale, or distribution, of any covered product, or

where any such defendant is a majority owner of such a business or directly or indirectly

manages or controls such a business, such defendant(s) and their agents, employees, officers,

corporations, successors, and assigns, and those persons in active concert or participation with

them who receive actual notice of this Order by personal service or otherwise, are hereby

restrained and enjoined from failing to create and retain the following records:

A.     Accounting records that reflect the cost of covered products sold, revenues

generated, and the disbursement of such revenues;

B.     Personnel records accurately reflecting:  the name, address, and telephone number

of each person employed in any capacity by such business, including as an independent

contractor; that person's job title or position; the date upon which the person commenced work;

and the date and reason for the person's termination, if applicable;

C.     Customer files containing the names, addresses, phone numbers, dollar amounts

paid, quantity of covered products purchased, and description of covered products purchased, to

the extent such information is obtained in the ordinary course of business;

D.     Complaints and refund requests (whether received directly, indirectly, or through

any third party), including but not limited to reports of adverse incidents claimed to be associated

with the use of a product or service, and any responses to those complaints or requests;

E.     Copies of all advertisements, promotional materials, sales scripts, training

materials, websites, or other marketing materials utilized in the advertising, marketing,

promotion, offering for sale, sale, or distribution of any covered product;

F.     All materials that were relied upon in making any representations contained in the

materials identified in Subpart E of this Part, including all documents evidencing or referring to

the accuracy of any claim therein or to the efficacy of any covered product, including, but not limited to, all tests, reports, studies, demonstrations, or other evidence that confirm, contradict, qualify, or call into question the accuracy or efficacy of each such product;

G.     Records accurately reflecting the name, address, and telephone number of each manufacturer or laboratory engaged in the development or creation of any testing obtained for the purpose of manufacturing, labeling, advertising, marketing, promoting, offering for sale, selling, or distributing any covered product;

H.     Copies of all contracts concerning the manufacturing, labeling, advertising, marketing, promotion, offering for sale, sale, or distribution of any covered product; and

I.     All records and documents necessary to demonstrate full compliance with each provision of the Order, including but not limited to, copies of acknowledgments of receipt of this Order and all reports submitted to the Commission pursuant to this Order.

## XII.
## DISTRIBUTION OF ORDER BY DEFENDANTS

IT IS FURTHER ORDERED that, for a period of three (3) years from the date of entry of this Order, defendants shall deliver copies of the Order as directed below:

A.     Corporate Defendant: Garden of Life must deliver a copy of this Order to all of its principals, officers, directors, and managers.  Garden of Life also must deliver copies of this Order to all of its employees, agents, representatives, consultants, and independent contractors who engage in conduct related to the subject matter of this Order.  For current personnel, delivery shall be within seven (7) days of service of this Order upon Garden of Life.  For new personnel, delivery shall occur prior to them assuming their position or responsibilities.

B.    Individual Defendant as Control Person: For any business that defendant Jordan S. Rubin controls, directly or indirectly, or in which he has a majority ownership interest, he must deliver a copy of this Order to all principals, officers, directors, and managers of that business. He also must deliver copies of this Order to all employees, agents, and representatives of that business who engage in conduct related to the subject matter of this Order.  For current personnel, delivery shall be within seven (7) days of service of this Order upon the defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities.

C.    Individual Defendant as Employee or Non-Control Person: For any business where Jordan S. Rubin is not a controlling person of the business but otherwise engages in conduct related to the subject matter of this Order, he must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Defendants must secure a signed and dated written statement, or legally-binding electronically signed and dated receipt, acknowledging receipt of the Order, within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Part.

**XIII.**
**RETENTION OF JURISDICTION**

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED:**

KAREN M. MUOIO
MICHAEL OSTHEIMER
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mail Drop NJ-3212
Washington, D.C.  20580
Tel.: (202) 326-2491(KM), -2699(MO)
Fax: (202) 326-3259
Email: kmuoio@ftc.gov,
          mostheimer@ftc.gov

Attorneys for Plaintiff Federal Trade
Commission

GARDEN OF LIFE, INC.
By: Greg Horn, President and CEO

JORDAN S. RUBIN, individually and as an
officer or director of Garden of Life, Inc.

MARK B. SEIGER
Edwards & Angell, LLP
Attorney for Defendant Garden of Life, Inc.

JOHN M. TIFFORD
Piper Rudnick DLA Piper Rudnick Gray Cary US LLP
Attorney for Defendant Garden of Life, Inc.

SEAN M. ELLSWORTH
Ellsworth Law Firm, P.A.
Attorney for Defendant Jordan S. Rubin

SO ORDERED:

UNITED STATES DISTRICT JUDGE

Dated: 3/30/06

## XIII.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

SO STIPULATED:

_____
KAREN M. MUOIO
MICHAEL OSTHEIMER
FEDERAL TRADE COMMISSION
600 Pennsylvania Avenue, NW
Mail Drop NJ-3212
Washington, D.C.  20580
Tel.: (202) 326-2491(KM), -2699(MO)
Fax: (202) 326-3259
Email: kmuoio@ftc.gov,
        mostheimer@ftc.gov

Attorneys for Plaintiff Federal Trade
Commission

_____
GARDEN OF LIFE, INC.
By: Greg Horn, President and CEO

_____
JORDAN S. RUBIN, individually and as an
officer or director of Garden of Life, Inc.

_____
MARK B. SEIGER
Edwards & Angell, LLP
Attorney for Defendant Garden of Life, Inc.

_____
JOHN M. TIFFORD
Piper Rudnick
Attorney for Defendant Garden of Life, Inc.

_____
SEAN M. ELLSWORTH
Ellsworth Law Firm, P.A.
Attorney for Defendant Jordan S. Rubin

SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE

Dated:_____

## XIII.
## RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED:**

| | |
|---|---|
| KAREN M. MUOIO | GARDEN OF LIFE, INC. |
| MICHAEL OSTHEIMER | By: Greg Horn, President and CEO |
| FEDERAL TRADE COMMISSION | |
| 600 Pennsylvania Avenue, NW | |
| Mail Drop NJ-3212 | JORDAN S. RUBIN, individually and as an |
| Washington, D.C. 20580 | officer or director of Garden of Life, Inc. |
| Tel.: (202) 326-2491(KM), -2699(MO) | |
| Fax: (202) 326-3259 | |
| Email: kmuoio@ftc.gov, | MARK B. SEIGER |
| mostheimer@ftc.gov | Edwards & Angell, LLP |
| | Attorney for Defendant Garden of Life, Inc. |
| Attorneys for Plaintiff Federal Trade | |
| Commission | |
| | JOHN M. TIFFORD |
| | Piper Rudnick |
| | Attorney for Defendant Garden of Life, Inc. |
| | |
| | Sean M. Ell |
| | SEAN M. ELLSWORTH |
| | Ellsworth Law Firm, P.A. |
| | Attorney for Defendant Jordan S. Rubin |

**SO ORDERED:**

_____          Dated:_____

UNITED STATES DISTRICT JUDGE

**APPENDIX A**
**[ACKNOWLEDGMENT OF RECEIPT]**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

FEDERAL TRADE COMMISSION,

      Plaintiff

v.

GARDEN OF LIFE, INC. AND
JORDAN S. RUBIN,

      Defendants.

_____/

**AFFIDAVIT OF DEFENDANT [NAME OF DEFENDANT]**

[*Name of defendant*], being duly sworn, hereby states and affirms as follows:

1.    My name is_____. My current residence address is

_____. I am a citizen of the United

States and am over the age of eighteen. I have personal knowledge of the facts set forth in this

Affidavit.

2.    I am a defendant in *FTC v. Garden of Life, Inc., et al.*, Civil Action No. _____

(S.D. Fla.).

3.    On [*date*], I received a copy of the Stipulated Final Order and Judgment for

Permanent Injunction and Other Equitable Relief which was signed by the Honorable [*name of*

*U.S. District Judge*] and entered by the Court on [*date of entry of Order*]. A true and correct

copy of the Order I received is appended to this Affidavit.

Page 20 of 23

I declare under penalty of perjury under the laws of the United States that the foregoing is

true and correct.  Executed on [*date*], at [*city and state*].

_____

[*Full name of defendant*]

State of _____, City of _____

        Subscribed and sworn to before me
this _____ day of _____, 2005.

_____

Notary Public
My Commission Expires:

_____

acknowledging receipt of this Order.

**APPENDIX B**
**GOVERNMENT-ORDERED DISCLOSURE**
[on Garden of Life Letterhead]

[Insert Date]

Dear Garden of Life Reseller or Distributor,

This letter is to inform you that Garden of Life, Inc. recently settled a dispute with the Federal Trade Commission regarding our advertising for Primal Defense, RM-10, Living Multi, and FYI. The order entered by the district court expressly provides that there has been no admission by us of any liability. Among other things, the order also contains an injunction requiring us to instruct you to stop using advertising or promotional materials that make any of the representations prohibited by the order, as summarized below.

1.      Unless we have competent and reliable scientific evidence to support the claim, we are prohibited from representing, in any manner, expressly or by implication, that Primal Defense, RM-10, Living Multi, FYI, or any other dietary supplement, food, drug, or program containing any of the above: treats, prevents, or reduces the risk of immune system disorders, asthma, irritable bowel syndrome, chronic fatigue syndrome, arthritis, lupus, colds, flu, Crohn's disease, cancer, cardiovascular disease, diabetes, diabetic-related syndromes, age-related neuro-degeneration, or obesity; reduces or helps lower users' blood cholesterol levels; reduces, treats, or prevents inflammation, including inflammation caused by arthritis, inflammatory bowel disease, sports injuries, asthma, allergies, fibromyalgia, lupus, scleroderma, or other inflammatory conditions; mitigates, treats, prevents, or cures any disease or illness; or has absolute or comparative health benefits, efficacy, performance, or safety; or lacks side effects.

2.      We also are prohibited from misrepresenting, in any manner, expressly or by implication, the existence, contents, validity, results, conclusions, or interpretations of any test, study, or scientific research relating to any dietary supplement, food, drug, or program containing any dietary supplement, food, or drug.

The order requires us to monitor your advertisements and promotional materials and terminate all sales to you if you make any of the above prohibited claims for our products.

You should visit our website, www.gardenoflifeusa.com, for our most up-to-date promotional materials.

If you have any questions, please contact [insert name and telephone number of the responsible Garden of Life Attorney or Officer].

Sincerely,

Greg Horn, President & CEO
Garden of Life, Inc.

## <u>CERTIFICATE OF SERVICE</u>

Dated: March 8, 2006
      Washington, D.C.

    **I hereby certify** that a true and correct copy of the foregoing Stipulated Final Order and

Judgment for Permanent Injunction and Other Equitable Relief was served by Federal Express on

March 8, 2006 upon all counsel for defendants on the attached service list:

KAREN M. MUOIO, ESQ.

## SERVICE LIST

*Federal Trade Commission v. Garden of Life, Inc. and Jordan S. Rubin*

Case No.                                    (S.D. Fla.)

Karen M. Muoio, Esq.
kmuoio@ftc.gov
Michael Ostheimer, Esq.
mostheimer@ftc.gov
Federal Trade Commission
600 Pennsylvania Avenue, NW
Mail Drop NJ-3212
Washington, D.C.  20580
Tel.: (202) 326-2491(KM), -2699(MO)
Fax: (202) 326-3259

Attorneys for Plaintiff Federal Trade
Commission

Mark B. Seiger, Esq.
mseiger@EdwardsAngell.com
Edwards & Angell LLP
90 State House Square
Hartford, CT 06103
Tel.: (860) 525-5065
Fax: (860) 527-4198

Attorneys for Defendant Garden of Life, Inc.

John M. Tifford, Esq.
john.tifford@dlapiper.com
DLA Piper Rudnick Gray Cary US LLP
1775 Wiehle Avenue, Suite 400
Reston, VA 20190
Tel.: (703) 773-4244
Fax: (703) 773-5055

Attorneys for Defendant Garden of Life,
Inc.

Sean M. Ellsworth, Esq.
sean@ellslaw.com
Ellsworth Law Firm, P.A.
404 Washington Avenue, Suite 750
Miami Beach, FL 33139
Tel.: (305) 535- 2529
Fax: (305) 535-2881

Attorneys for Defendant Jordan S. Rubin

2